



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable A. B. Conner, Director
Texas Agricultural Experiment Station
Agricultural & Mechanical College of Texas
College Station, Texas

Dear Sir:        Opinion No. O-5757
              Re:   Liability of a warehouseman
                    for loss by fire of cotton
                    belonging to a department of
                    the State, and related ques-
                    tions.

          In your letter of December 7, 1943, you gave
us certain facts, which may be summarized as follows:

          Blackland Experiment Station, substation
No. 5 of the Agricultural Experiment Station, A. & M.
College of the State of Texas, put fifty one bales of cotton
in storage in the Central Texas Compress Company's warehouse
at Temple, Texas. Such compress company is and was a li-
censed and bonded warehouse. Such cotton was destroyed by
fire on November 11, 1943. The warehouse company has de-
nied liability because the receipts issued by it provide
that the company is not responsible for loss by fire or
other causes.

          You request our opinion upon the following
questions:

          1.  Is the Central Texas Compress Company
responsible in any way for this cotton?

          2.  If the Central Texas Compress Company
is responsible, what procedure should be followed
in collecting for this loss?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Article 5632 (Section 21 of the Uniform Warehouse Receipts Act) provides that warehousemen must exercise care as follows:

"A warehouseman shall be liable for any loss or injury to the goods caused by his failure to exercise such care in regard to them as a reasonably careful owner of similar goods would exercise, but he shall not be liable, in the absence of any agreement to the contrary, for any loss or injury to the goods which could not have been avoided by the exercise of such care."

In Cameron Compress Co. v. Whitington, 280 S. W. 527, the Commission of Appeals passed upon a similar fact situation. There one Whitington delivered to the compress company 98 bales of cotton, receiving from the company receipts exempting it from liability for damage by fire. The cotton was destroyed by fire, and suit was brought to recover the value of the cotton. The company asserted its exemption of liability for loss by fire provided in the receipts.

Nickels, J. said:

"The receipts' words (wherein liability for loss through fire is precluded) encounter restrictions in the inability of the company, as a matter of law, to exempt itself from the consequence of its negligence. The stipulation, therefore, must be considered as it read: 'Loss by fire, not caused or contributed to by the company's negligence, excepted.' The contract obligated the company to redeliver the cotton 'or to pay the market value thereof' upon demand etc., unless the cotton had been destroyed by fire caused otherwise than by its negligence. The statute also imposed the duty. Articles 5619, 5633, R. S. 1925. Since the property was destroyed by fire, the controversy is to be finally solved as the presence or absence of negligence requires."

In Exporters' & Traders' C. & W. Co. vs. Bor-gainer, 45 S. W. (2) 563, Justice Sharp, who was then on the Commission of Appeals, said:

"Article 5632 is merely declaratory of the rule already announced by the authoritative decisions with respect to the liability of a warehouseman for goods left for storage with him. The rule has long been settled that a warehouseman cannot insert provisions in the receipt which would relieve him from the consequences of his own negligence. Words used in the receipt or contract that the warehouseman shall not be responsible for certain causes of damage or injury such as fire, water, etc., is generally held not to exempt the warehouseman from the results of his own negligence or relieve him from the exercise of reasonable care." (Emphasis ours)

From the above statute and decisions, it can be seen that a warehouseman cannot exempt himself from liability for his own negligence. However, the plaintiff has the burden of proof to show that the fire was the result of the negligence of the warehouse company or its employees. Exporters' & Traders' Compress and Warehouse Co. v. Schulze, (Comm. App.) 265 S. W. 133.

We answer your first question, yes, if it can be proved that the warehouse company failed to exercise such care in regard to the cotton in question as a reasonably careful owner of similar goods would have exercised under the same or similar circumstances.

In answer to your second question, we respectfully request that you furnish us with all the information you have about the origin and cause of this fire, and the names of all witnesses. If, after investigation, we are satisfied that the company was negligent, we will institute suit for the recovery of the value of the cotton destroyed.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Thos. B. Duggan, Jr.
Assistant

APPROVED JAN 17, 1944

_____
ATTORNEY GENERAL OF TEXAS

TBD:BT

APPROVED
OPINION
COMMITTEE

BY_____
CHAIRMAN